**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **VON E. BOGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:22-cv-00248-SLC** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** *sued as Kilolo Kijakazi,* | ) | |
| *Acting Commissioner of the Social* | ) | |
| *Security Administration,* | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Von E. Boger appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying his application under the Social Security Act (the "Act") for Disability Insurance Benefits ("DIB"). (ECF 1). The appeal is now ripe for ruling. (ECF 16, 19, 20). For the following reasons, the Commissioner's decision will be AFFIRMED.

### I. FACTUAL AND PROCEDURAL HISTORY

Boger applied for DIB in June 2020, alleging disability as of August 15, 2018. (ECF 13 Administrative Record ("AR") 19, 212-18).[1] Boger's claim was denied initially and upon reconsideration. (AR 93-94). On August 20, 2021, administrative law judge ("ALJ") Kathleen Winters conducted an administrative hearing (AR 39-80), and on September 29, 2021, rendered an unfavorable decision to Boger, concluding that he was not disabled because, despite the

---

[1] The AR page numbers cited herein correspond to the ECF-generated page numbers displayed at the top center of the screen when the AR is open in ECF, rather than the page numbers printed in the lower right corner of each page.

limitations caused by his impairments, he could perform a significant number of jobs in the national economy (AR 19-33). The Appeals Council denied Boger's request for review (AR 5-9), at which point the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981.

Boger filed a complaint with this Court on July 28, 2022, seeking relief from the Commissioner's decision. (ECF 1). On appeal, Boger argues that the ALJ: (1) erred at step two in finding his gout was a non-severe impairment, and (2) erred when assigning his residual functional capacity ("RFC") for light-exertional work with a sit-to-stand option instead of limiting him to sedentary work. (ECF 16 at 9-13).

On the date of the ALJ's decision, Boger was fifty-three years old (AR 212); had a high school education (AR 243); and had past work experience as a cook, stock clerk, store laborer, solderer-assembler, and machine operator (AR 31, 71-72, 243). In his application, Boger alleged disability due to diabetes, neuropathy, high blood pressure, depression, gout, lumbar spondylosis, and obesity. (AR 242).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation and quotation marks omitted). The decision will be reversed "only if [it is] not supported by substantial evidence or if the Commissioner applied an erroneous legal standard."

*Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court "review[s] the entire administrative record, but do[es] not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Id.* (citations omitted). "Rather, if the findings of the Commissioner . . . are supported by substantial evidence, they are conclusive." *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III. ANALYSIS

*A. The Law*

Under the Act, a claimant seeking DIB must establish "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring consideration of the following issues, in sequence: (1) whether the claimant is currently unemployed in substantial gainful activity, (2) whether he has a severe impairment, (3) whether his impairment is one that the Commissioner considers conclusively disabling, (4) whether he is incapable of performing his past relevant work, and (5) whether he is incapable of performing

3

any work in the national economy.[2] *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001);

*see also* 20 C.F.R. § 404.1520. "[A]n affirmative answer leads either to the next step, or, on

Steps 3 and 5, to a finding that the claimant is disabled." *Zurawski v. Halter*, 245 F.3d 881, 886

(7th Cir. 2001) (citation omitted). "A negative answer at any point, other than Step 3, ends the

inquiry and leads to a determination that a claimant is not disabled." *Id.* (citation omitted). The

burden of proof lies with the claimant at every step except the fifth, where it shifts to the

Commissioner. *Clifford*, 227 F.3d at 868.

### B. The Commissioner's Final Decision

In the final decision of the Commissioner, the ALJ found at step one of the five-step

analysis that Boger had not engaged in substantial gainful activity since his alleged onset date of

August 15, 2018. (AR 21). At step two, the ALJ found that Boger had the following severe

impairments: osteoarthritis in both hips, degenerative disc disease (DDD) of the lumbar spine,

diabetes mellitus with peripheral neuropathy, and obesity. (*Id.*). At step three, the ALJ concluded

that Boger did not have an impairment or combination of impairments severe enough to meet or

equal a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 25). The ALJ then assigned

Boger the following RFC:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR
> 404.1567(b) except: the claimant can frequently climb stairs or ramps, stoop,
> kneel, or crouch, and can occasionally climb ladders, ropes, scaffolds, crawl, or
> balance as that term is used vocationally. Occasional concentrated exposure to
> fumes, dusts, odors, gases, poor ventilation, moving machinery and unprotected
> heights. Work with an option to change positions no more frequently than every
> 30-minutes, while remaining on task, further defined as changing positions for at
> most two minutes at a time.

---

[2] Before performing steps four and five, the ALJ must determine the claimant's RFC or what tasks he can
do despite his limitations. 20 C.F.R §§ 404.1520(a)(4), 404.1520(e), 404.1545(a). The RFC is then used during steps
four and five to help determine what, if any, employment the claimant is capable of. *Id.* § 404.1520(e).

4

(AR 27).

The ALJ determined at step four that given the foregoing RFC, Boger could not perform any of his past relevant work. (AR 31). At step five, however, the ALJ found that Boger could perform a significant number of unskilled, light-exertional jobs in the economy, including routing clerk, cashier, and counter attendant of a coffee shop. (AR 31-32). Therefore, Boger's application for DIB was denied. (AR 32-33).

### C. Step-Two Finding

Boger first argues that the ALJ erred by failing to conclude that his gout was a severe impairment at step two, necessitating a remand of the Commissioner's final decision. (ECF 16 at 9-10). While the ALJ may have erred in this respect, any error was ultimately harmless.

Step two of the five-step sequential process requires the ALJ to determine whether the claimant has a severe impairment. "The Step 2 determination is a *de minimis* screening for groundless claims . . . ." *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 697 (7th Cir. 2016) (citation and internal quotation marks omitted); *see also Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016); *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). "An impairment is 'not severe' only if it is 'a slight abnormality' that has 'no more than a minimal effect on the ability to do basic work activities . . . .'" *Meuser*, 838 F.3d at 910 (quoting SSR 96-3p, 1996 WL 374181 at *1 (July 2, 1996)); *see also O'Connor-Spinner*, 832 F.3d at 697. "When evaluating the severity of an impairment, the ALJ assesses its functionally limiting effects by evaluating the objective medical evidence and the claimant's statements and other evidence regarding the intensity, persistence, and limiting effects of the symptoms." *Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016) (citation omitted).

Nevertheless, "any error that an ALJ commits at step two is harmless as long as she goes on

to consider the combined impact of a claimant's severe and non-severe impairments." *Loftis v. Berryhill*, No. 15 C 10453, 2017 WL 2311214, at *2 n.1 (N.D. Ill. May 26, 2017) (citing *Curvin v. Colvin*, 778 F.3d 645, 648-49 (7th Cir. 2015)); *see also Arnett*, 676 F.3d at 591 ("An ALJ must evaluate all relevant evidence when determining an applicant's RFC, including evidence of impairments that are not severe." (citations omitted)). "A failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) (citation omitted); *compare Rice v. Berryhill*, No. 17 C 1193, 2018 WL 2049931, at *5 (N.D. Ill. May 2, 2018) (finding that the ALJ's step-two determination that the claimant's major depression was non-severe was not a harmless screening error because the ALJ did not include any mental limitations in the RFC), *with Loftis*, 2017 WL 2311214, at *2 n.1 (finding that the ALJ's step-two determination that the claimant's major depression was non-severe was harmless because the ALJ went on to consider the combined impact of the claimant's severe and non-severe impairments when assigning the RFC).

The ALJ expressly considered Boger's gout at step two but concluded it was a non-severe impairment. (AR 24). The ALJ reasoned that Boger had just "sporadic complaints of acute episodes of gouty arthritis with minimal findings . . . which did not preclude years of sustained gainful work and does not result in greater limitation than acknowledged and assigned [in the RFC]." (*Id.*). In doing so, the ALJ relied on the opinions of the state agency physicians, Shayne Small, M.D., and J.V. Corcoran, M.D., who reviewed Boger's record in August 2020 and January 2021, respectively, and concluded that he could lift ten pounds frequently and twenty pounds occasionally; stand or walk for six hours in an eight-hour workday with normal breaks; sit for six hours in an eight-hour workday with normal breaks; frequently climb ramps and stairs, balance, stoop, kneel, and crouch; and occasionally crawl and climb ladders, ropes, or scaffolds.

6

(AR 26; *see* AR 88-90, 99-101). Therefore, this discussion evidences that the ALJ did indeed consider the impact of Boger's gout in combination with his other severe and non-severe impairments, and that the assigned RFC is supported by substantial evidence—that is, the opinions of the state agency physicians.

Having said that, the ALJ did misstate the state agency physicians' opinions in one respect later in her decision. When revisiting these physicians' opinions in assigning the RFC, the ALJ stated:

> As briefly cited earlier, following January 2021 review of the overall evidence, determination of Agency physicians notes the claimant retains a functional capacity to sustain light exertion work with occasional climbing of ladders, ropes or scaffolds and crawling, for otherwise frequent postural maneuvers . . . . In so determining, Agency physicians cite the above clinical exam findings established through November 2020 including November 24, 2020, exam for diminished sensation of the bilateral feet along with non-sustained allegations on exam and within ROSs for pain with forward flexion that radiates into the bilateral posterior thighs. In addition, and somewhat consistent with previous Step Two discussion, *Agency physicians further note the medical evidence within the record does not support severe gout or lumbar DDD or osteoarthritis*, which are otherwise all reasonably accommodated by the [RFC] assigned herein. . . . [T]he undersigned also has additional evidence and testimony citing a need to change positions due to a limited capacity to stand/walk, and for this the undersigned provides an option to change positions every 30-minutes from standing to sitting . . . . In addition to back and lower extremity issues with obesity, such additional imitation would also reasonably seem to accommodate peripheral neuropathy and non-severe allegations of episodic gout and lower extremity mild to moderate osteoarthritis.

(AR 30-31 (emphasis added)).

Contrary to the ALJ's representation above, the state agency physicians *did* find Boger's gout, lumbar DDD, and osteoarthritis to be severe conditions. (AR 90, 100). Nevertheless, this misstatement by the ALJ was ultimately harmless. *See Shramek v. Apfel*, 226 F.3d 809, 814 (7th Cir. 2000) (explaining that harmless errors are those that do not impact the outcome of the determination). This is because the state agency physicians concluded that Boger could still

7

perform a limited range of light-exertional work despite his severe and non-severe impairments (AR 88-90, 99-101),[3] and because the ALJ then assigned an RFC consistent with these physicians' opinions (AR 27). As such, the ALJ did not "reject[] or discount[] [the limitations assigned by] the agency's own physicians" as Boger suggests. (ECF 16 at 9).

Further, the ALJ duly considered Boger's gout along with his other severe and non-severe impairments (*see* AR 30-31), noting that Boger's gout "did not preclude years of sustained gainful work" prior to his alleged onset date. (AR 24); *see McCorkle v. Kijakazi*, No. 22-1638, 2023 WL 179983, at *4 (7th Cir. Jan. 13, 2023) ("McCorkle worked in her office job for a decade after she began to experience migraines, which the ALJ found inconsistent with both McCorkle's and Dr. Frasier's statements about their disabling effects."). Consequently, any misstatement by the ALJ at step two pertaining to Boger's gout did not impact the outcome of her decision, rendering a remand of the ALJ's step-two finding unnecessary. *See Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010) (finding the ALJ's failure to consider the claimant's chronic fatigue syndrome as a severe impairment at step two was "of no consequence with respect to the outcome of the case," where the "the ALJ properly considered [the claimant's] chronic fatigue syndrome along with her other severe and non-severe impairments in determining whether [she] could perform her past work").

## D. RFC

Boger also argues that the ALJ erred by assigning him an RFC for light-exertional work

---

[3] Light-exertional work requires lifting ten pounds frequently and twenty pounds occasionally; standing or walking up to six hours in an eight-hour workday, with intermittent sitting; or sitting most of the time with some pushing and pulling of arm or leg controls. *Engstrand v. Berryhill*, No. 3:18-CV-100 JD, 2019 WL 1349803, at *1 n.4 (N.D. Ind. Mar. 4, 2019) (citing 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251 (Jan. 1, 1983); *Haynes v. Barnhart*, 416 F.3d 621, 627 n.1 (7th Cir. 2005)).

with a sit-to-stand option instead of limiting him to sedentary work. (ECF 16 at 10-13). The RFC assigned by the ALJ, however, is supported by substantial evidence and will be affirmed.

The RFC is "the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning eight hours a day, for five days a week. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996) (bold emphasis omitted). That is, the "RFC does not represent the *least* an individual can do despite his or her limitations or restrictions, but the *most*." *Id.*; *see also Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004); 20 C.F.R. § 404.1545(a)(1).

> The [RFC] assessment is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence, such as observations of lay witnesses of an individual's apparent symptomatology, an individual's own statement of what he or she is able or unable to do, and many other factors that could help the adjudicator determine the most reasonable findings in light of all the evidence.

SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996); *see* 20 C.F.R. § 404.1545(a)(3).

When determining the RFC, the ALJ must consider all medically determinable impairments, mental and physical, even those that are non-severe. 20 C.F.R. § 404.1545(a)(2); *see also Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008). "The ALJ must evaluate the record fairly. Thus, although the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (citations omitted); *see also John B. v. Saul*, No. 2:18-cv-00223-JVB-JEM, 2019 WL 4233744, at *2 (N.D. Ind. Sept. 5, 2019).

Boger asserts that "there are no facts indicating [he] has any issues sitting for extended periods of time" and that "standing/walking aggravates [his] conditions." (ECF 16 at 11). He contends that he would not "willingly choose to ever stand, making the use of a sit/stand option

by the ALJ not only unsupported by any evidence, but entirely illogical." (*Id.*). He claims, rather, that he should have been limited to sedentary work, a finding that could have led to a conclusion that he was disabled given that he was just a month away from his fiftieth birthday as of his alleged onset date—that is, the "closely approaching advanced age" category, 20 C.F.R. § 404.1563(d). (*Id.* at 12-13).

Contrary to Boger's assertion, the ALJ's decision to assign him an RFC for a limited range of light work, rather than sedentary work, is supported by substantial evidence. As explained above, the ALJ relied on the opinions of Dr. Small and Dr. Corcoran, who reviewed Boger's record in August 2020 and January 2021, respectively, and concluded that he could still stand or walk for six hours in an eight-hour workday with normal breaks despite his various limiting conditions. (AR 24-25, 88-90, 99-101). While Boger claims he should have been assigned an RFC for sedentary work, he fails to cite any medical source opinion of record actually limiting him to sedentary work. (*See* ECF 16 at 10-13).

As this Court has often emphasized, "the primary responsibility for producing medical evidence demonstrating the severity of impairments remains with the claimant." *Flener ex rel. Flener v. Barnhart*, 361 F.3d 442, 448 (7th Cir. 2004) (citing 20 C.F.R. § 416.912(c)). "It is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove [his] claim of disability." *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004) (citing 20 C.F.R. § 404.1512(c); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)). "The ALJ needed only to include limitations in [the] RFC determination that were supported by the medical evidence and that the ALJ found to be credible." *Outlaw v. Astrue*, 412 F. App'x 894, 898 (7th Cir. 2011) (citations omitted). Here, Boger failed to carry his burden of providing any medical source

opinions to contradict Dr. Small's and Dr. Corcoran's opinions and support his claim that he cannot stand or walk six hours in an eight-hour workday. Therefore, the ALJ relied on these state agency physicians' opinions in concluding Boger could walk or stand up to six hours in an eight-hour workday, crediting Boger's symptom testimony only to the extent that he needed to change positions throughout the day. (AR 29 ("[C]onsistent with [Boger's] testimony is limitation in capacity to stand and for a seeming need to essentially change positions . . . ; therefore, the undersigned acknowledges an option to change positions no more frequently than every 30-minutes with occasional vers[us] frequent balancing.")).

"[The Court's] role is extremely limited. We are not allowed to displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (citation omitted). "In fact, even if reasonable minds could differ concerning whether [a claimant] is disabled, we must nevertheless affirm the ALJ's decision denying [the claimant's] claims if the decision is adequately supported." *Id.* (citation and internal quotation marks omitted); *see also Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021); *Stephens v. Colvin*, No. 1:15-CV-43 JVB, 2016 WL 5389292, at *5 (N.D. Ind. Sept. 27, 2016) ("Plaintiff may disagree with the ALJ's decision not to include a specific limitation . . . . That does not mean, however, that the ALJ failed to account for Plaintiff's limitations, nor does it mean her RFC determination is unsupported by substantial evidence."). Given the record presented, the RFC assigned by the ALJ is supported by substantial evidence, and thus, the Commissioner's final decision will be affirmed.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED. The Clerk is

DIRECTED to enter a judgment in favor of the Commissioner and against Boger.

SO ORDERED.

Entered this 1st day of August 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge